UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DE VAUGHN LABON,<br><br>                Petitioner,<br><br>     vs.<br><br>MICHAEL R. MARTEL,<br>Warden,<br><br>                Respondent. | Case No. CV 14-6500-DSF (RNB)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE; AND REQUIRING ANSWER TO EXHAUSTED CLAIMS ALLEGED IN PETITION |

On January 8, 2015, the assigned Magistrate Judge issued a Report and Recommendation in this matter with respect to the exhaustion of state remedies issue raised by respondent in his Motion to Dismiss the Petition herein.[1] The Magistrate Judge found that the Petition constituted a "mixed petition" in that Grounds Two, Three, Four, Six, Nine, and Twelve had not been fairly presented to the California Supreme Court. The Magistrate Judge further found that neither exception to the exhaustion requirement applied here; that this was not an appropriate case for invocation of the stay-and-abeyance doctrine; and that if petitioner declined to

---

[1] Respondent also had moved to dismiss the Petition on the ground that it was time barred. However, the Magistrate Judge had concluded that the time bar defense raised by respondent was not ripe for adjudication at this stage of the proceedings.

1

withdraw his unexhausted claims and the Petition now was dismissed as a mixed petition, the dismissal should be with prejudice because any amended petition filed hereafter by petitioner would be time barred. Accordingly, the Magistrate Judge recommended that this action be dismissed with prejudice for failure to exhaust state remedies unless petitioner withdrew his unexhausted claims within thirty (30) days and elected to proceed solely on his remaining exhausted claims.

On March 6, 2015, petitioner filed an "Objection and Reply" to the Report and Recommendation.

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition and all the records and files herein, including the Report and Recommendation of the Magistrate Judge, and petitioner's objections thereto. The gravamen of petitioner's objections is that he satisfied the exhaustion of state remedies requirement with respect to Grounds Two, Three, Four, Six, Nine, and Twelve of the Petition when he claimed in his first California Supreme Court habeas petition that his appellate counsel had rendered ineffective assistance in failing to raise on direct appeal substantive claims generally corresponding to Grounds Two, Three, Four, Six, Nine, and Twelve of the Petition. However, the Court concurs with the Magistrate Judge that those ineffective assistance of appellate counsel subclaims are insufficient to satisfy the exhaustion of state remedies requirement with respect to the underlying substantive claims. The Court concurs. See, e.g., Rose v. Palmateer, 395 F.3d 1108, 1112 (9th Cir. 2005) ("[A]lthough Rose's Fifth Amendment claim is related to his claim of ineffective assistance, he did not fairly present the Fifth Amendment claim to the state courts when he merely discussed it as one of several issues which were handled ineffectively by his trial and appellate counsel. While admittedly related, they are distinct claims with separate elements of proof, and each claim should have been separately and specifically presented to the state courts."), cert. denied, 545 U.S. 1144 (2005); Ruffin v. Director Nevada Dept. of Corrections, 2011 WL 2433805, at *6 (D. Nev. June 23, 2011) ("Neither a claim of ineffective assistance of counsel nor a cumulative error

claim exhausts an underlying independent substantive claim. Petitioner never presented the independent substantive claims in Ground 4 as independent substantive claims based upon federal constitutional law."); Ray v. Cate, 2011 WL 1464940, at *3 (N.D. Cal. Apr. 15, 2011) ("A claim that trial and/or appellate counsel was ineffective in failing to raise a claim in the state courts does not fairly present the underlying claim to the state court."); Meza v. Schroeder, 2010 WL 1381095, at *7 (D. Ariz. Mar. 9, 2010) ("Any exhaustion of the ineffective assistance of counsel claim does not exhaust the underlying constitutional claim."), Report and Recommendation Adopted by 2010 WL 1381150 (D. Ariz. Mar. 31, 2010).

Accordingly, having made a de novo determination of those portions of the Report and Recommendation to which objections have been made, the Court accepts the findings of the Magistrate Judge regarding the exhaustion of state remedies issue.

However, based on petitioner's statement in his objections that he "plans to proceed with the permitted claims--[Grounds] One, Five, Seven, Eight, Ten, Eleven, Thirteen [and] Fourteen, and will withdraw any claims that the Court cannot accept, with objection," the Court will now deem petitioner's unexhausted claims to be withdrawn and order respondent to file an Answer addressing the merits of Grounds One, Five, Seven, Eight, Ten, Eleven, Thirteen and Fourteen of the Petition within forty-five (45) days.[2]

IT IS SO ORDERED.

DATED: 3/17/15

DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

---

[2] The Court is not foreclosing respondent from reasserting the statute of limitations as an affirmative defense in the Answer.

3